[786 NYS2d 172]

In the Matter of FREDRIC J. ROTH (Admitted as FREDRIC JAY ROTH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 16, 2004

By the Publisher's Editorial Staff

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on December 18, 1967, under the name Fredric Jay Roth. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law based upon his inability to successfully defend himself against charges of professional misconduct pending before the Committee and striking his name from the roll of attorneys effective October 20, 2004, the date of his affidavit of resignation.

In his affidavit of resignation, respondent acknowledges that certain charges have been made against him and that an investigation of those charges has been undertaken by the Departmental Disciplinary Committee. The charges are that, while he was a partner in a Manhattan law firm, he entered into several partnerships with a client of his firm and with other individuals to pursue certain real estate opportunities. Respondent's firm acted as counsel to the partnerships but he did not inform his client that his firm would not be protecting the client's interests separately from the interests of the partnerships. Nor did he advise his client to seek the advice of independent counsel, which created potential and actual conflicts of interest.

When the real estate market declined and the partners were forced to settle with the banks to which they owed money, respondent helped draft an agreement which had his client fund a disproportionate share of responsibility for the debt. Respondent also failed to inform his client to seek the advice of independent counsel when respondent borrowed substantial sums of money from the client for his own personal use. Moreover, around 1994, while indebted to the client, respondent attempted to improperly convey ownership of his home to others in order to protect his largest asset from his client. Furthermore, while attempting to settle their differences, respondent refused to provide discoverable information to the client's new attorney, which forced the client into unnecessary litigation

In accordance with the requirements of 22 NYCRR 603.11, respondent's affidavit of resignation states that he submits his

resignation freely and voluntarily, without coercion or duress and is fully aware of its implications. Respondent also acknowledges that he is the subject of a pending investigation into allegations of professional misconduct, which he describes specifically, and that if charges were predicated upon the misconduct under investigation he could not successfully defend himself on the merits against such charges.

Accordingly, the Committee's motion should be granted and respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 20, 2004.

TOM, J.P., ANDRIAS, SAXE, WILLIAMS and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 20, 2004.